IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THE AMERICAN AUTOMOBILE ASSOCIATION, INC.,

        Plaintiff,

  v.

DARBA ENTERPRISES INC.,

        Defendant.

No. C 09-00510 SI

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Defendants' motion to dismiss is scheduled for a hearing on April 24, 2009. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. As set forth below, the Court DENIES defendants' motion to dismiss.

### BACKGROUND[1]

This case arises out of the allegedly infringing use by defendants Darba Enterprises, Inc. and Darren Bagnuolo of plaintiff American Automobile Association's ("AAA") trademarks. AAA is a non-profit corporation that provides services and products to consumers, such as roadside assistance packages, auto insurance and health insurance. AAA has used its "famous and distinctive" AAA trademarks (the "AAA Marks") for over 100 years, and has registered more than 70 of these marks with the United States Patent and Trademark Office. Defendant Darba Enterprises is a corporation that operates several websites that purport to match consumers seeking auto insurance quotes with third-

---

[1] The following facts, unless otherwise noted, are taken from plaintiff's complaint.

1 party insurers. Defendant Darren Bagnuolo is the President, Secretary, Treasurer, and Director of Darba
2 Enterprises.

3       Plaintiff alleges that defendants' websites, including "aaa-insurance-website.com" and "insurance-website.com" displayed the AAA Marks without authorization for the purpose of tricking internet users into believing that the site was affiliated with AAA. Plaintiff also alleges that defendants have used the AAA Marks in pay-per-click advertisements hosted by search engines such as Google and Yahoo!, and have used those marks to act as "keywords" when typed into these search engines. When an internet user clicks on one of defendants' web pages, the user is invited to enter her zip code to get an auto insurance quote. Once the user clicks through several screens and enters information about her car and driving record, the user comes to a screen that asks her to enter her contact information, including name, address, and phone number. The information entered is submitted to a third-party vendor who apparently distributes it to insurance companies, none of which are AAA and many of which are AAA's direct competitors. Plaintiff has received at least two complaints from consumers in California who mistakenly reached defendants' websites while trying to find AAA on the internet.

      When plaintiff discovered defendants' websites, it sent several cease and desist letters to defendants via certified mail. Although defendants did not answer the letters, the websites were modified to remove reference to AAA. However, defendants did not remove the "insurance-website.com" site nor did they discontinue the infringing pay-per-click advertisements. On February 4, 2009, plaintiff filed the instant suit, alleging trademark infringement and dilution, false designation of origin, and unfair competition.

      Currently before the Court is defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of personal jurisdiction and 12(b)(6) for failure to state a claim upon which relief may be granted.

**LEGAL STANDARDS**

**I.     Motion to Dismiss for Lack of Personal Jurisdiction**

      Personal jurisdiction over a non-resident defendant may exist if the defendant has either a continuous and systematic presence in the state (general jurisdiction), or minimum contacts with the

2

forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice" (specific jurisdiction). *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). Where there is no federal statute applicable to determine personal jurisdiction, a district court should apply the law of the state where the court sits. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). California law requires only that the exercise of personal jurisdiction comply with federal due process requirements. *See id.* at 800-01.

If a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's personal jurisdiction over the defendant. *See Doe I v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001) (per curiam). However, without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction to avoid the motion to dismiss. *See id.; see also Data Disc., Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). That is, the plaintiff must present facts which, if true, establish jurisdiction. *See Unocal*, 248 F.3d at 922. A district court's jurisdiction analysis must consider plaintiff's version of the facts to be true, and "conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor." *Unocal*, 248 F.3d at 922 (quoting *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)); *see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).

## II.  Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc. (In re Gilead Scis. Sec. Litig.)*, 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a Rule

3

1  12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is
2  plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While
3  courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels
4  and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965.
5  Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

6  If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The
7  Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request
8  to amend the pleading was made, unless it determines that the pleading could not possibly be cured by
9  the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal
10 quotation marks omitted).

## DISCUSSION

### I.   Pro Se Status of Defendant Darba Enterprises

As an initial matter, the Court notes that defendant Darba Enterprises, a corporation, is not represented by counsel. This is improper. Civil Local Rule 3-9(b) states that "[a] corporation, unincorporated association, partnership, or other such entity may appear only through a member of the bar of this Court." This is consistent with the longstanding rule that corporations may not appear in federal court *pro se*. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel."). Nor may a non-attorney president or sole shareholder of the corporation represent it in federal court. *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam).

Defendant Bagnuolo argues that because plaintiff's attorneys have been communicating with him for several months and knew that he was not represented by counsel, plaintiff should be estopped from now asserting that Darba Enterprises must be represented by counsel. Defendant Bagnuolo misunderstands the rule. A corporation is not required to be represented by counsel in its settlement negotiations or other intra-party dealings. Rather, the corporation must be represented by counsel *when it appears in federal court. See Rowland*, 506 U.S. at 201-02. Defendant Darba Enterprises attempted

4

to appear in court when defendant Bagnuolo, who is not a licensed attorney, filed his motion to dismiss on behalf of himself *and* Darba Enterprises. It was this act that required representation by corporate counsel, and plaintiff is not estopped from so asserting.

Therefore, because defendant Darba Enterprises, Inc. is not represented by a licensed attorney, the Court DENIES the motions to dismiss as to Darba Enterprises. Defendant Darba Enterprises is hereby notified that if it does not retain corporate counsel, default judgment will be entered against it.

**II.    Personal Jurisdiction**

Defendant Bagnuolo argues that this case should be dismissed for lack of personal jurisdiction. Plaintiff responds that defendant's forum-related activities make personal jurisdiction appropriate. Because plaintiff argues only that specific jurisdiction is warranted, the Court does not address whether general jurisdiction would be appropriate here.

California law requires that the exercise of personal jurisdiction comply with federal due process requirements. *See Schwarzenegger*, 374 F.3d at 800-01. To satisfy due process, a nonresident defendant must have "'minimum contacts' with the forum state such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (quoting *Int'l Shoe*, 326 U.S. at 315). The Ninth Circuit employs a three-part test to determine whether the defendant has such minimum contacts with a forum state. First, the "nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum," thereby invoking the benefits and protections of the forum state. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) (quoting *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1998)). Second, the claim must "arise[] out of or result[] from the defendant's forum-related activities," and third, the exercise of personal jurisdiction over the defendant must be reasonable. *Pebble Beach Co.*, 453 F.3d at 1155. The plaintiff bears the burden of proving the first two prongs. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). If the plaintiff carries this burden, "the defendant must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (citing *Schwarzenegger*, 374 F.3d at 802).

### A.     Purposeful Availment

The "purposeful availment" prong of the specific jurisdiction test "ensures that a nonresident defendant will not be haled into court based upon 'random, fortuitous or attenuated' contacts with the forum state." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). This prong is satisfied if the defendant has either "(1) 'purposefully availed' himself of the privilege of conducting activities in the forum, or (2) 'purposefully directed' his activities toward the forum." *Pebble Beach Co.*, 453 F.3d at 1155 (citing *Schwarzenegger*, 374 F.3d at 802).

A defendant has not "purposefully availed" himself of the privilege of conducting activities in a forum state merely because he operates a website which can be accessed there. *See Stomp, Inc. v. NeatO, LLC*, 61 F. Supp. 2d 1074, 1078 (C.D. Cal. 1999). Rather, in the context of the internet, courts use a sliding scale approach to assess purposeful availment. At one end of the scale are "passive" websites which merely display information, such as an advertisement. *See id.* Personal jurisdiction is "not appropriate when a website is merely . . . passive." *Id.* At the other end of the scale are "interactive" websites which function for commercial purposes and where users exchange information. *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp 1119, 1124 (W.D. Pa. 1997)). Personal jurisdiction is appropriate "when an entity is conducting business over the internet." *Stomp, Inc.*, 61 F. Supp. 2d at 1078. Where a website is somewhere between the two extremes, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the internet." *Cybersell*, 130 F.3d at 419 (quoting *Zippo Mfg.*, 952 F. Supp. at 1124).

Defendant argues that his websites were passive. He stresses that because he did not sell anything directly to consumers, his website cannot be considered commercial. But this argument ignores the fact that users who searched for "AAA insurance" and found defendant's website were brought to a web-page where they were instructed to enter their names and contact information to get a "free rate quote." Contrary to defendant's assertions, this is not an example of a website that merely provides information to consumers. In fact, the websites provided *no* information to consumers unless

1 and until they entered their contact information. Plaintiff alleges, and provides circumstantial evidence, 2 that defendant sold this contact information to a third party.[2] Because the defendant has not contradicted 3 or denied this allegation, the Court accepts it as true.[3] Defendant thus profited when California users 4 entered their contact information in his website, even though he did not sell anything to them directly. 5 Therefore, the Court finds that defendant's websites were interactive and commercial.

6 By maintaining a commercial website, defendant has "reached out beyond [his] home state of 7 [Nevada] to avail [himself] of the benefits of the California forum." *Stomp, Inc.*, 61 F. Supp. 2d at 1078. 8 Plaintiff received at least two complaints from California residents who had mistakenly entered their 9 information into defendant's website thinking it was an AAA website.[4] Ford Decl., Exh. 5. Defendant 10 presumably benefitted from these actions by selling the contact information of these California residents. 11 Although the actual number of California residents who entered their contact information into 12 defendant's website may be small, "the critical inquiry in determining whether there was a purposeful 13 availment of the forum state is the quality, not merely the quantity, of the contacts." *Stomp, Inc.*, 61 F. 14 Supp. 2d at 1078. Nor may defendant "escape jurisdiction by claiming that its contacts with California 15 are merely fortuitous." *Id.* Defendant's website required users to enter their zip codes to get "insurance 16 quotes." It is reasonable to infer that the third parties to whom defendant sold this contact information

---

[2] For example, plaintiff alleges that one of the companies named in the part of defendant's website that pairs consumers looking for insurance with insurance companies is InsureMe. Plaintiff has stated by affidavit that InsureMe pays third parties, such as defendant, for the contact information of consumers who are looking for insurance. As of March 31, 2009, InsureMe paid third parties between $5 and $11.19 per auto insurance lead. *See* Decl. of Roger A. Ford in Opp. to Defs.' Mtn to Dismiss, Exhs. 2, 6. Moreover, plaintiff's attorney filled out the form on defendants' website and states in his sworn declaration that he received 21 e-mail messages, several phone calls, and a few pieces of postal mail offering him quotes or additional information about insurance companies. Defendant suggests that this information is worthless because plaintiff does not allege that any of the contacts were made by defendants. But defendant misses the point. The fact that plaintiff received all of these contacts is circumstantial evidence that defendant sells the consumer contact information to a third party vendor. Plaintiff does not allege that defendant made direct contact with consumers.

[3] Defendant in fact has stated that as soon as a user entered his contact information, the information was "captured directly upon transmittal, by a third party vendor." Affidavit of Darren Bagnuolo, Para. 14.

[4] Defendant claims that the complaints from California consumers have no evidentiary value because they lack authenticity. But the e-mails are attached to a sworn declaration which states that "[t]rue and correct copies of two complaints received by AAA from consumers in California concerning the AAA.insurance-website.com website are attached hereto." Ford. Decl., Exh. 5. The Court finds that this is sufficient authentication of these documents.

7

1  targeted potential customers based on their geographic location.  Moreover, by utilizing pay-per-click
2  advertisements to ensure that its name would come up when internet users searched for "AAA
3  insurance," defendant intended to lure internet users to its website, including California residents.  He
4  "is not being haled into a court in some unexpected location where the Internet is not commonly
5  available, but into a court in California, where a large portion of the world's Internet users presumably
6  reside." *Id.* at 1079.

7  The Court therefore finds that defendant purposefully availed himself of the privilege of
8  conducting activities in California and that therefore that plaintiff has satisfied the first prong of the
9  minimum contacts analysis.

### B.     Forum-Related Activities

The second prong of the minimum contacts analysis requires that "the claim asserted in the litigation arises out of defendant's forum related activities." *Panavision*, 141 F.3d at 1322.  The Court must determine whether plaintiff would not have been injured but for defendant's forum-related activities. *See id.*

This prong is satisfied here.  Defendant's allegedly trademark-infringing website harmed plaintiff in California.  Indeed, plaintiff received complaints from at least two California residents who had mistakenly entered their contact information into defendant's website thinking it was an AAA site. Plaintiff alleges harm directly related to such consumer confusion.  But for defendant's conduct, this harm would not have occurred.  Plaintiff's claims therefore arise out of defendant's forum-related activities.

### C.     Reasonableness

Finally, the Court must determine whether the exercise of jurisdiction would be reasonable here. Even if the first two prongs of the test are satisfied, "the exercise of jurisdiction must be reasonable" in order to satisfy due process.  *Panavision*, 141 F.3d at 1322.  Once the plaintiff carries its burden by proving the first two prongs of the test, the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Core-Vent Corp. v. Nobel Indus.*

8

*AB*, 11 F.3d 1482, 1487 (9th Cir. 1993) (quoting *Burger King*, 471 U.S. at 476-77).

In deciding whether the exercise of jurisdiction would be reasonable, the Court considers seven factors: "(1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Panavision*, 141 F.3d at 1323 (citing *Burger King*, 471 U.S. at 476-77). The Court balances all seven factors and no one factor is dispositive. *Id.*

### 1. Purposeful Interjection

"Even if there is sufficient 'interjection' into the state to satisfy the purposeful availment prong, the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the reasonableness prong." *Panavision*, 141 F.3d at 1323 (quoting *Core-Vent*, 11 F.3d at 1488).

Although defendant has not come forward with any affirmative evidence that the degree of intrusion was small (e.g. by providing the Court with information regarding how many California residents versus how many non-California residents entered their information into his website), the evidence so far before the Court does not show a high degree of interjection in California. The Court has evidence only that two California residents that were confused by defendants' website. This factor weighs in favor of defendant.

### 2. Defendant's Burden in Litigating

"A defendant's burden in litigating in the forum is a factor in the assessment of reasonableness, but unless the 'inconvenience is so great as to constitute a deprivation of due process it will not overcome clear justifications for the exercise of jurisdiction.'" *Panavision*, 141 F.3d at 1323 (quoting *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128-29 (9th Cir. 1995).

Here, defendant has not argued to the Court that his burden in litigating in California would be so great as to deprive him of due process. Even if he had, advances in technology and discounted airfare do not make it unreasonable for defendant to litigate in California. *See Panavision*, 141 F.3d at 1323.

1 This factor does not favor defendant.

### 3. Sovereignty

This factor "concerns the extent to which the district court's exercise of jurisdiction in California would conflict with the sovereignty" of Nevada, defendants' home state. *Panavision*, 141 F.3d at 1323. Defendant has not pointed to any conflict of law between California and Nevada or other issues which would adversely impact Nevada's sovereignty interests. This factor therefore does not weigh in favor of defendant.

### 4. Forum State's Interest

California has "a strong interest in protecting its residents from torts that cause injury within the state, and in providing a forum for relief." *Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1260 (9th Cir. 1989). Defendant has not pointed to any compelling interest that Nevada has in adjudicating the dispute. This factor therefore does not weigh in favor of defendant.

### 5. Efficient Resolution

This factor "focuses on the location of the evidence and the witnesses. It is no longer weighed heavily given the modern advances in communication and transportation." *Panavision*, 141 F.3d at 1323 (internal citation omitted). Even if the Court were to weigh this factor, defendant has not come forward with any evidence that resolution of this matter would not efficient in California. Therefore, this factor does not weigh in favor of defendant.

### 6. Convenient and Effective Relief for Plaintiff

Plaintiff's inconvenience is not weighed heavily in this analysis. *Panavision*, 141 F.3d at 1324. AAA is a nation-wide non-profit organization. It is unlikely that convenient and effective relief for plaintiff would be hindered by litigating in Nevada. Plaintiff might be slightly burdened by having to retain local counsel. This factor therefore weighs slightly in favor of plaintiff.

### 7. Alternative Forum

Plaintiff has not shown that an alternative forum is not available. Nevada is an alternate forum. This factor therefore weighs in defendants' favor.

In sum, while the first factor – the extent of defendant's purposeful interjection – weighs in favor of defendant, none of the other factors in the reasonableness analysis favors defendant. In balancing these factors, the Court finds that although one weighs in defendant's favor, he "failed to present a compelling case that the district court's exercise of jurisdiction in California would be unreasonable." *Panavision*, 141 F.3d at 1324.

## III.  Failure to State a Claim

Defendant Bagnuolo claims that even if he is subject to personal jurisdiction, the Court should nonetheless dismiss the complaint for failure to state a claim. Specifically, defendant argues that plaintiff has not adequately stated a claim against him personally, as opposed to in his capacity as Darba Enterprises' corporate officer. The Court disagrees.

The plaintiff is not required to come forward with substantial evidence at the pleading stage. Rather, plaintiff has stated a claim so long as it has pleaded facts which plausibly support its theory of recovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). Here, plaintiff has alleged that defendant Bagnuolo operated and maintained the infringing website. Complaint ¶ 30. That allegation is sufficient to name him as an individual defendant in the action. *See Comm. For Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823 (9th Cir. 1996) (stating that a corporate officer or director is personally liable for all torts in which he participates, even if he acted as an agent of the corporation and not personally on his own behalf).

The Court therefore finds that plaintiff AAA has adequately stated a claim against defendant Bagnuolo and DENIES his motion to dismiss pursuant to FRCP 12(b)(6).

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion to dismiss. **Defendant's answers are due no later than May 1, 2009.**

**The Court also advises defendant Darba Enterprises, Inc. that it must get an attorney to represent it before it appears before the Court again. If it does not retain counsel, the Court may enter default judgment against it.**

**The initial Case Management Conference remains scheduled for May 15, 2009 at 2:30 p.m.**

**IT IS SO ORDERED.**

Dated: April 21, 2009

SUSAN ILLSTON
United States District Judge