IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE AMERICAN AUTOMOBILE ASSOCIATION, INC.,<br><br>              Plaintiff,<br><br>   v.<br><br>DARBA ENTERPRISES INC., DARRIN BAGNUOLO, and DOES 1-10,<br><br>              Defendants.                                / | No. C 09-00510 SI<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE** |

Defendants have filed a motion to dismiss for improper venue or in the alternative to transfer this action to the Federal District of Nevada. The motion is scheduled for hearing on June 5, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing; **the case management conference scheduled for the same day remains on calendar**. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES defendants' motion.

**DISCUSSION**

According to plaintiff's complaint, defendant Darba Enterprises is a Nevada corporation and defendant Darrin Bagnuolo is the company's president, secretary, treasurer and director. On February 26, 2009, defendants filed a motion to dismiss plaintiff's trademark infringement complaint for lack of personal jurisdiction and for failure to state a claim upon which relief may be granted. The Court denied the motion, finding that this Court has specific jurisdiction over Bagnuolo and that plaintiff had stated a claim against Bagnuolo. *See* Apr. 21, 2009 Order. [Docket No. 23] The Court did not specifically

rule on Darba Enterprises's motion to dismiss. The Court instead ordered Darba Enterprises to retain counsel, as a corporation may only appear before this Court through a member of the bar of this Court. *See* Civil Local Rule 3-9(b). Darba Enterprises retained counsel, who subsequently filed a motion on behalf of both defendants for reconsideration of the Court's denial. *See* Docket No. 32. The Court denied defendants' motion for reconsideration. Now before the Court is defendants' motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer this action to the Federal District of Nevada.

**1.    Motion to Dismiss for Improper Venue**

Plaintiff argues that defendants have waived this argument by failing to raise it in their original motion to dismiss. The Court agrees. With a few exceptions not relevant here, a party that makes a motion asserting defenses under 12(b) (including improper venue and failure to state a claim upon which relief can be granted) "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. Pro. 12(g)(2); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006) ("Venue is largely a matter of litigational convenience; accordingly, it is waived if not timely raised.").

Defendants' arguments that they have not waived this defense are unavailing. Bagnuolo argues that he did raise improper venue in his original motion. This argument fails. His original motion unambiguously raised only lack of personal jurisdiction and failure to state a claim as defenses. *See* Def. Mot. to Dismiss at 6 (listing all six 12(b) defenses but underlining only lack of personal jurisdiction and failure to state a claim). [Docket No. 14] Second, Darba Enterprises argues that it has not waived improper venue as a defense because its original motion did not comport with local rules requiring a corporation to appear only through counsel. The Court finds that it would be improper for Darba Enterprises to win a second opportunity to raise a waived defense simply because it violated local rules by appearing through Bagnuolo at the outset of this case. Finally, defendants argue that an untimely 12(b) motion is not waived if previously included in the answer. Defendants are correct that a defense may not bee waived if *previously* raised in an answer, that is, if raised in an answer filed before the first 12(b) motion. *See* Wright & Miller, *Federal Practice and Procedure* § 1361. This

2

exception is not applicable here, as defendants have not yet answered the complaint.

Accordingly, the Court finds that defendants have waived the defense of improper venue by failing to raise it in their initial 12(b) motion.

**2.     Motion to Transfer Venue**

Defendants argue, in the alternative, that this action should be transferred to the District of Nevada. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

To support a motion for transfer, the moving party must establish: "that venue is proper in the transferor district; that the transferee district is one where the action might have been brought; and that the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). Once venue is determined to be proper in both districts,[1] courts use the following factors to evaluate whether a transfer of venue would be more convenient to the parties and the witnesses and would promote the interests of justice: (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *See Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

---

[1] Defendants assume *arguendo,* for purposes of making the motion under § 1404(a), that venue is proper in this District. Plaintiff asserts that it is proper here, given defendants' waiver, discussed above. Either approach works for purposes of this motion. Were the Court required to determine, in the first instance, whether venue is proper here, more information concerning California's and Californians' connections to defendants' websites would be required. Given the population of California (approximately 36.7 million), the Court expects that a factual basis could be established.

3

The Court finds that defendants have not met their burden in establishing that transfer of this matter is warranted. Plaintiff's choice of this forum is entitled to deference. California has an interest in this action, as plaintiff has shown through the complaints of consumers who were allegedly misled by defendants' website. It is more reasonable for this Court, sitting in California, to decide plaintiff's claim for trademark infringement under California law. The only factor strongly weighing in favor of transfer to Nevada is that the alternate venue would be more convenient for defendants. Under the circumstances of this case, defendants' convenience alone is not sufficient.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendants' motion to dismiss or, in the alternative, to transfer venue. **Defendants' answers are due no later than June 10, 2009.**

**IT IS SO ORDERED.**

Dated: June 2, 2009

SUSAN ILLSTON
United States District Judge

4